had greatly reduced its original demands of the Universal Cooler Corporation for a license agreement, the counter-proposal of the Universal Cooler Corporation was so far away from anything that the defendant had ever offered that it should hardly be classed as a counter-proposal. The proposed provision for cancellation by Universal Cooler Corporation on sixty days notice without any right to the defendant to cancel is but one of the many odious conditions that warrant the defendant's refusal to consider it. It is my opinion that the proposed license agreement which Universal Cooler Corporation was willing to enter into with the defendant was not just and reasonable and cannot form the basis for damages under paragraph 6 of the contract between plaintiff and defendant.

The contract between the plaintiff and defendant seems a fair one. The plaintiff contributed his genius and the defendant put up a substantial sum of money. Neither has realized anything from the agreement thus far other than the salary which the plaintiff received while he was in the employ of the defendant. Both parties naturally and properly hope to realize: the plaintiff from royalties arising from the manufacture of his compressor by the defendant or by a licensee; the defendant from profits of its own manufacturing or from royalties of a licensee over and above those payable to plaintiff. Since both plaintiff and defendant have contributed to the patents, both have a right to reasonable protection in any proposed licensing arrangement. Such reasonable protection of its business is, I feel, all that the defendant was asking in its negotiations with Universal Cooler Corporation.

The defendant pointed out at the trial that manufacture of refrigerator compressors was then not being undertaken by reason of war conditions. Factories adaptable to this type of production were then and still are urgently needed to produce materials of war. Thus even if the defendant had been successful in concluding a satisfactory licensing arrangement with Universal Cooler Corporation it is doubtful whether many compressors could have been manufactured before defense contracts would have halted production. Whether or not the plaintiff's compressor will be of commercial use after the war is problematical. Meanwhile, both before and since filing his complaint in this case, the plaintiff was not limited by his contract with the defendant from attempting to find some other licensee, but apparently he has been unable to do so.

It is therefore my opinion that the plaintiff has failed to establish his case, and accordingly, I find the issues for the defendant and the cause will be dismissed at plaintiff's costs. Counsel for the defendant may prepare and file with the court, in writing, within twenty days from the date hereof, proposed findings of fact, conclusions of law, and a draft of a proposed order of dismissal, consistent with the views herein expressed, delivering copies thereof to counsel for the plaintiff. Within twenty days of the receipt of such copies counsel for the plaintiff may prepare and file with the court, in writing, his observations with reference thereto and suggestions for the modification thereof, delivering a copy of such observations and suggestions to counsel for the defendant. Within ten days thereafter counsel for the defendant may present to the court, in writing, his reply to such observations and suggestions. Whereupon, the matter of making findings of fact, conclusions of law and an order of dismissal herein will be taken by the court without further argument.

### In re KARP et al.
### No. 41037.

District Court, E. D. New York.
Oct. 19, 1943.

Alexander Katz, of New York City (Max Schwartz, of New York City, of counsel), for objecting creditors.

Samuel Burstein, of New York City, for bankrupts.

MOSCOWITZ, District Judge.

The objecting creditor seeks to dismiss the petition filed by the bankrupts herein to review the order entered by the referee denying the discharge of the bankrupts.

The referee has found that the bankrupts are not entitled to be discharged. If the specifications have been proven the bankrupts should not be entitled to a discharge. The referee has found that they have destroyed, concealed or failed to keep or preserve books and records, to explain the difference between assets and liabilities, filed false schedules concealing property and failed to comply with orders of this court.

It is important that a bankrupt engaged in business keep suitable records from which his financial condition can be ascertained, and the destruction, concealment or failure to keep books and records should bar a discharge. A bankrupt is under duty to comply with all orders of the court, to file proper schedules, not to conceal property, and a bankrupt is required to explain the difference between assets and liabilities.

Upon satisfactory proof the referee has denied the discharge. His determination will not be disturbed.

Settle order on notice.

## KING v. STUART MOTOR CO.

### SAME v. NELMS.

#### Civ. A. Nos. 2550, 2551.

District Court, N. D. Georgia,
Atlanta Division.
Oct. 28, 1943.